


FILED
Jun 21 2023, 9:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 22S-CT-318

## Kathryn Davidson,
*Appellant*,

–v–

## State of Indiana, et al.,
*Appellees*.

---

Argued: November 15, 2022 | Decided: June 21, 2023

Appeal from the Monroe Circuit Court
No. 53C01-2003-CT-621
The Honorable AmyMarie Travis, Special Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 21A-CT-1516

---

**Opinion by Justice Slaughter**

Chief Justice Rush and Justices Massa and Molter concur.
Justice Goff concurs in the judgment with separate opinion.

**Slaughter, Justice.**

The Indiana Comparative Fault Act does not apply to "tort claims" against government defendants. But it does require the factfinder to consider the fault of "all persons who caused or contributed to cause" the plaintiff's alleged injury. Here, after obtaining a judgment in Lake County against a non-government defendant for injuries sustained in a highway collision, the plaintiff sued again in Monroe County, seeking relief against other defendants (both government and non-government) for injuries arising out of the same accident. We hold that the claims asserted in Monroe County are barred by the doctrine of issue preclusion. To avoid this result, a plaintiff seeking tort damages from both government and non-government defendants must sue all such tortfeasors in one lawsuit.

I

A

In April 2018, Kathryn Davidson was a passenger in a semi-truck driven by her boyfriend, Brandon Nicholson, who at the time was acting within the scope of his employment with J Trucking, LLC. While driving northbound on State Road 37 in Monroe County, Nicholson fell asleep, lost control, and collided with an overpass-bridge pier. As a result of the collision, Davidson was ejected from the semi-truck, sustained serious and permanent injuries, and is now quadriplegic.

Davidson sent a timely tort-claim notice to the State. Her notice alleged (1) the collision occurred in a construction zone within the Interstate 69 construction project, and (2) the Indiana Department of Transportation's negligence caused her injuries. Specifically, she claimed the department was at fault in planning and setting up the construction zone and for failing to place a barrier before the bridge pier to prevent or lessen any impact. Davidson also sought various public records from the department concerning traffic control, the construction project, her own accident, and any other accidents at the site. The State denied her tort claim in November 2018.

The next month, Davidson, who lives in Lake County, filed a negligence action against J Trucking in the Lake Superior Court.

According to Davidson, the sole purpose of the Lake County lawsuit was to obtain a final judgment against J Trucking to satisfy the requirements for obtaining insurance coverage from J Trucking's insurer, Progressive Southeastern Insurance Company. After a bench trial, the trial court entered judgment in favor of Davidson and against J Trucking for more than $3.2 million. The court found that "Nicholson's negligence was a proximate cause of the motor vehicle collision . . . [and] of [Davidson's] claimed injuries, medical treatment, and medical expenses." The court further found that "[a]ll of [Davidson's] past treatment and medical charges were reasonable, necessary, and caused by the negligence of Nicholson in the collision at issue." And it found J Trucking vicariously liable for Nicholson's negligence.

In January 2020, Davidson and Progressive settled her insurance claim for $725,000, which was $25,000 short of policy limits. The settlement discharged all liability, liens, damages, and costs against J Trucking. The parties voluntarily dismissed the Lake County action in February 2020.

B

In March 2020, Davidson again sued for the same injuries she sustained in the same I-69 construction zone. This time she sued in the Monroe Circuit Court against six other defendants: State of Indiana; Indiana Department of Transportation; I-69 Development Partners, LLC; DLZ Indiana, LLC; Aztec Engineering Group, Inc.; and Walsh Construction Company II, LLC. Davidson alleged these defendants were responsible for designing, planning, building, and operating section 5 of the I-69 project, as well as maintaining traffic and planning and placing barriers in front of the bridge pier at the accident scene.

The defendants moved to dismiss Davidson's action for failure to state a claim upon which relief can be granted. One of the defendants, Aztec, also moved for judgment on the pleadings. These Rule 12 motions argued the Lake County judgment for Davidson barred her Monroe County claims under the doctrines of claim splitting, collateral estoppel, and judicial estoppel. The defendants attached materials in support of their motions, and Davidson attached materials to her response. Davidson

moved to strike the defendants' attached materials or, alternatively, to consider the Rule 12 motions as motions for summary judgment.

The trial court granted the defendants' Rule 12 motions and dismissed Davidson's action with prejudice, holding that collateral estoppel and claim splitting barred her claims but judicial estoppel did not apply. The court refused to treat the Rule 12 motions as motions under Rule 56. The court took judicial notice of most of the attached materials the defendants submitted, including the complaint, ruling, and stipulation for dismissal in the Lake County action; the complaint in the present action; and the public-records request. The court also took judicial notice of the tort-claim notice, which Davidson attached in support of her response. But the court did not take judicial notice of most of the evidence Davidson introduced, including affidavits explaining why she did not sue the Monroe County defendants in Lake County, evidence the department failed to respond to requests for information, and her settlement agreement with Progressive. The court denied her post-judgment motions to correct error and to amend her complaint.

Davidson appealed, and the court of appeals reversed, holding that neither collateral estoppel nor claim splitting barred her claims. *Davidson v. State*, 187 N.E.3d 283, 285 (Ind. Ct. App. 2022). The defendants then sought transfer, which we granted, 194 N.E.3d 602 (Ind. 2022), thus vacating the appellate opinion, Ind. Appellate Rule 58(A).

II

Davidson raises two issues on appeal. First, she argues the trial court erred in dismissing her action under doctrines of claim splitting (also known as claim preclusion) and collateral estoppel (also known as issue preclusion). We hold that claim preclusion does not apply here, but issue preclusion does, and the trial court was correct in dismissing her action on the latter ground. Second, she argues the court erred in refusing to treat the Rule 12 motions as motions for summary judgment, in dismissing her action with prejudice, and in violating her due-process rights under the Fourteenth Amendment. We hold there was no error. The court was not obliged to review the Rule 12 motions as motions under Rule 56. And it

was entitled to dismiss the action with prejudice, so it did not violate her due-process rights.

## A

We begin with Davidson's argument that the trial court wrongfully dismissed her action under the doctrines of claim and issue preclusion. We agree the court should not have dismissed her action based on claim preclusion. But dismissal was warranted under issue preclusion.

### 1

The trial court erred in dismissing the Monroe County action based on claim preclusion—a preclusive doctrine requiring four elements to be satisfied: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter at issue in the present action was or might have been determined in the prior action; and (4) the prior action was between the same parties in the present action or their privies. *Matter of Eq.W.*, 124 N.E.3d 1201, 1209 (Ind. 2019). Here, the fourth element was not met because none of these defendants or their privies were parties in Lake County.

### 2

The trial court, though, was correct in dismissing the Monroe County action based on issue preclusion. Issue preclusion bars relitigating the same fact or issue when that fact or issue was necessarily decided in a prior lawsuit by a court of competent jurisdiction. *Nat'l Wine & Spirits, Inc. v. Ernst & Young, LLP*, 976 N.E.2d 699, 704 (Ind. 2012) (holding defensive collateral estoppel barred plaintiff's claim). The party to be estopped must also have been a party (or its privy) in the prior suit. *Ibid.* Here, the defendants argue that Davidson is barred from litigating the negligent cause of her injuries and damages in Monroe County because this issue was necessarily adjudicated in Lake County. We agree. Under our comparative fault act, Ind. Code ch. 34-51-2, the Lake County court determined, conclusively, that only J Trucking was at fault for Davidson's injuries.

a

When applying issue preclusion to actions under the Act, we embrace the approach of our court of appeals in *Bornstein v. Watson's of Indianapolis, Inc.*, 771 N.E.2d 663, 666 (Ind. Ct. App. 2002). *Bornstein* held that because the Act requires the trial court to apportion 100 percent of the fault for both parties and nonparties, a judgment under the Act necessarily adjudicates the negligent cause or causes of a plaintiff's alleged injuries in their entirety. *Ibid.* Under the Act, plaintiffs can recover damages only from named defendants. Defendants, in turn, can limit their own liability to plaintiffs by naming nonparties that contributed to plaintiffs' loss. The jury must determine "the percentage of fault of the claimant, of the defendants, and of any person who is a nonparty." Ind. Code § 34-51-2-8 (applies to two or more defendants); *id.* § 34-51-2-7 (single-party defendant). The jury then multiplies the percentage of fault by the claimant's total damages regardless of fault and enters a verdict against each defendant for its share of the damages. *Ibid.* When the action is tried without a jury, the court sitting as factfinder must award damages according to the same principles specified for juries. *Id.* § 34-51-2-9. The result is that a single action under the Act necessarily adjudicates all the liability and damages for the plaintiff's alleged injury. *Bornstein*, 771 N.E.2d at 666.

By establishing a system that apportions all liability and damages in the same lawsuit, the Act functionally requires plaintiffs to name all defendants in a single suit. Otherwise, serial suits against different tortfeasors in connection with the same injury could lead to inconsistent judgments. *Id.* at 667. For example, a Monroe County judgment apportioning any fault to Davidson or the six defendants here would be at odds with Lake County's assignment of all fault to J Trucking. The Act does not countenance such inconsistencies. Tort claimants in a later lawsuit are thus foreclosed from recovering from tortfeasors omitted from the first lawsuit. *Ibid.*

At the same time, defendants bear the burden of naming nonparties against which the jury can apportion fault. "The burden of proof of a nonparty defense is upon the defendant, who must affirmatively plead the

defense." I.C. § 34-51-2-15. A nonparty defense limits the defendant's liability to the plaintiff to the proportion of the defendant's own fault. *Witte v. Mundy ex rel. Mundy*, 820 N.E.2d 128, 133 (Ind. 2005). To assert a nonparty defense, the defendant must name the nonparty when filing its answer, or with reasonable promptness if the defendant discovers the nonparty after filing its answer, to give the plaintiff the opportunity to add the nonparty as a defendant. I.C. § 34-51-2-16; *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 913 (Ind. 2001) (interpreting similar provision in Products Liability Act). While the defendant must name all nonparties to limit its liability to the plaintiff, the plaintiff must still sue all responsible persons to maximize her own recovery from tortfeasors. A nonparty has no liability to the plaintiff.

Here, both the Lake County and Monroe County lawsuits are subject to the Act because in both suits Davidson has sought damages for injuries to her person resulting from the collision. The Act "governs any action based on fault that is brought to recover damages for injury or death to a person or harm to property". I.C. § 34-51-2-1(a). In the Lake County action, after a bench trial, the trial court found Nicholson's negligence, which it imputed to his principal, J Trucking, was a proximate cause of Davidson's claimed injuries. The court apportioned all fault to J Trucking. The court found only Nicholson a proximate cause of Davidson's injuries, attributed all of Davidson's damages to Nicholson's negligence, and entered a verdict against J Trucking for the full judgment amount. The Lake County court could not apportion fault to any Monroe County defendant named below because none was a party or named nonparty in Lake County. In effect, then, Davidson seeks to relitigate in Monroe County the apportionment of fault already adjudicated in Lake County.

Davidson counters that defensive issue preclusion does not apply here because she did not "lose" her suit in Lake County. We disagree. Defensive issue preclusion, to be sure, applies when the plaintiff previously litigated the issue and lost. *Hayworth v. Schilli Leasing, Inc.*, 669 N.E.2d 165, 167 n.3 (Ind. 1996). But relevant here, when a plaintiff fails to name a potential defendant in an action under the Act, as Davidson failed to do in Lake County, the plaintiff "loses" against the unnamed defendant by failing to obtain an allocation of fault against that defendant. For

example, in *Bornstein*, defensive issue preclusion barred the plaintiff's wrongful-death claim against the later-sued defendant because 100 percent of the fault had been apportioned in a prior suit the plaintiff brought for the same underlying incident, leaving no fault to apportion to the subsequent defendant. 771 N.E.2d at 666. In suits brought under the Act, "a plaintiff is obliged to name all alleged joint tortfeasors as defendants in one suit or face the possibility of being estopped from pursuing a remedy against the unnamed tortfeasor in a subsequent lawsuit." *Id.* at 667. Thus, Davidson really did "lose" on the issue of whether to apportion any fault to persons omitted as defendants or nonparties in Lake County.

b

Next, Davidson argues that even if the Lake County suit necessarily adjudicated who caused the injuries of which she complains, that suit could not adjudicate any such cause vis-à-vis the State and the department because government tort claims are excluded from the Act. Again, we disagree.

The Act's plain language shows it applies here to the Monroe County suit and to all its defendants, including the government defendants. By its terms, the Act has far-reaching scope. It "governs any action based on fault that is brought to recover damages for injury or death to a person or harm to property, except as provided in subsection (b)." I.C. § 34-51-2-1(a). As subsection 1(a) explains, the Act presumptively applies to any negligence action to "recover damages for injury". Davidson's Monroe County action is clearly subject to the Act under this definition. And nothing in subsection 1(b) exempts the Monroe County action from its coverage. The only actions the Act does not govern are those it expressly exempts. Subsection 1(b) lists only two categories of exempt actions: (1) those "brought against a qualified health care provider . . . for medical malpractice" and (2) those accruing before 1985. *Id.* § 34-51-2-1(b). Stated differently, the Act specifies which "actions" it excludes from coverage and, notably, does not exclude actions against government defendants.

While the Act thus applies to "actions" against government defendants, it does not apply to "tort claims" asserted within such actions against

government defendants. "This chapter [the comparative fault act] does not apply in any manner to **tort claims** against governmental entities or public employees under IC 34-13-3[.]" *Id.* § 34-51-2-2 (emphasis added). But the jury must nevertheless consider the fault of "all persons who caused or contributed to cause the alleged injury" regardless of whether they could be named as parties. *Id.* §§ 34-51-2-7(b)(1), 34-51-2-8(b)(1). Thus, if one claim is subject to the Act, the method of apportioning fault requires joinder of all claims against persons "who caused or contributed to cause the alleged injury" for full apportionment of fault. *Ibid.*

In practice, when a plaintiff brings a mixed-theory case that alleges both government and non-government defendants are at fault for the plaintiff's injuries, the Act applies to require the jury to apportion a percentage of fault and damages to all defendants and nonparties. But this apportionment of damages has no effect on the underlying government tort claims, which are still governed by common-law principles such as contributory negligence.

We disagree with Davidson that applying issue preclusion to the claims against the government defendants here would contradict our holding in *State v. Snyder*, 594 N.E.2d 783 (Ind. 1992). *Snyder* is inapposite for two reasons. First, *Snyder* did not address issue preclusion but whether a new trial was required because of inconsistent verdicts. *Id.* at 785–87. Second, although the majority in *Snyder* declined to review the verdicts' inconsistency, the concurrence noted the verdicts were not inconsistent because the jury could have found the plaintiff incurred a risk against the non-government defendant without also finding the plaintiff incurred a risk against the State. *Id.* at 788–89 (Dickson, J., concurring).

Government defendants are not excluded from actions (as opposed to claims) governed by the Act. Relevant here, that means the Lake County court needed to consider the fault of both the State and the department of transportation if Davidson wanted to recover from them. Thus, the apportionment of fault solely to J Trucking in Lake County necessarily determined that these government defendants had no fault—and thus no liability—to Davidson for purposes of issue preclusion.

c

A court applying issue preclusion must also consider (1) whether the party against whom the prior judgment is being asserted—here Davidson—had a full and fair opportunity to litigate the issue in the first suit; and (2) whether it would be unfair under the circumstances for the Monroe County defendants to use issue preclusion against her in the second suit. *Sullivan v. Am. Cas. Co. of Reading, Pa.*, 605 N.E.2d 134, 138 (Ind. 1992). Davidson argues a question of fact remains on whether issue preclusion should apply under these two factors. We disagree.

First, because Davidson was able to discover the defendants through reasonable, diligent investigation before obtaining a judgment in Lake County, she had a full and fair opportunity to litigate against the defendants there. Typically, even a meritorious defense is not a basis for dismissal under Rule 12(B)(6) unless a plaintiff has pleaded herself out of court by alleging, and thus admitting, the essential elements of the defense. *Bellwether Props., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 464 (Ind. 2017). Davidson relies on the Rule 12(B)(6) standard in only one portion of her brief where she argues the tort-claim notice was not conclusive evidence of a full and fair opportunity to litigate her claims against Walsh, DLZ, Aztec, and I-69 Development. But Davidson conceded in both the trial and appellate courts that she discovered the defendants in this case by meeting with a construction-zone expert and an accident reconstructionist. And she offers no reason why she could not have consulted these experts in the initial investigation of her claims before she sued and obtained a judgment in Lake County.

Second, it is not unfair on this record to find Davidson's Monroe County claims barred by issue preclusion. She argues the fairness factors weigh in her favor, and the government defendants concealed evidence thereby preventing Davidson from suing them in the Lake County suit. In fact, Davidson named the State and the department in the tort-claim notice months before she sued in Lake County. Davidson argues she could not raise her claims against the defendants in Lake County without being subject to sanctions under Trial Rule 11. But what she alleged in Monroe County is no more detailed than what she alleged in the tort-claim notice,

which she filed before suing in Lake County. Both the tort-claim notice and the Monroe County complaint allege the department was at fault in planning and maintaining the construction area and in failing to place a barrier before the bridge pier. Thus, when Davidson served her tort-claim notice, she had "reasonable cause to believe the existence" of the State's and the department's negligent acts she alleged in her complaint. Ind. Trial Rule 11. The trial court below did not consider Davidson's designated evidence concerning the State's eventual denial of her tort claim and its failure to respond to her public-record requests, so we likewise decline to consider them here.

Davidson also argues that financial and health considerations make it unfair to apply issue preclusion here. But materials supporting these considerations were not before the trial court, and we decline to consider them here in the first instance. The trial court considered only the pleadings, certain filings in the Lake County action, the tort-claim notice, and the public-records request. None of these documents concern her financial and health considerations when she sued only J Trucking in the first suit.

B

Finally, we consider whether the trial court erred by refusing to treat the Rule 12 motions as motions for summary judgment and by dismissing Davidson's action with prejudice. We hold it did not. And because there was no error, there was no violation of Davidson's Fourteenth Amendment due-process rights.

1

Davidson argues the trial court erred when it judicially noticed some materials without taking judicial notice of Davidson's opposing evidence or converting the Rule 12 motions to motions for summary judgment. Under Trial Rule 12, if "matters outside the pleading[s] are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56". T.R. 12(B), 12(C). A trial court converts a Rule 12 motion to a motion for summary judgment "by its consideration of extraneous matters" regardless of

whether the court converts the motion to one for summary judgment expressly. *Milestone Contractors, L.P. v. Ind. Bell Tel. Co.*, 739 N.E.2d 174, 176 (Ind. Ct. App. 2000).

Here, the trial court correctly declined to consider the Rule 12 motions as summary-judgment motions because it considered only the pleadings and materials of which it took judicial notice and no outside materials. When deciding the Rule 12 motions, the trial court took judicial notice of certain materials, including the filings in the Lake County action, the public-records request, and the tort-claim notice. The trial court did not consider any other outside materials. In the context of Rule 12 motions, "materials of which a trial court may take judicial notice . . . are not considered 'matters outside the pleading.'" *Moss v. Horizon Bank, N.A.*, 120 N.E.3d 560, 563 (Ind. Ct. App. 2019). Thus, the trial court did not consider any extraneous materials that would require converting the Rule 12 motions to motions under Rule 56.

Davidson waived any argument that the court should not have judicially noticed these materials by failing to raise the argument in her opening appellate brief. See *Monroe Guar. Ins. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005) (finding waiver of issues not raised in appellant's initial brief). Davidson also waived her argument that the trial court should have taken judicial notice of her opposing evidence because she insufficiently developed the argument and cited no authority that her evidence fell within the judicial-notice rule. "A litigant who fails to support his arguments with appropriate citations to legal authority and record evidence waives those arguments for our review." *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015); see also App. R. 46(A)(8) (providing that appellant's brief must support each contention with cogent reasoning and citations to authorities, statutes, and the record).

2

Davidson also argues the trial court erred by dismissing her action with prejudice. We disagree. A plaintiff has the right to amend her pleading as of right within ten days after a trial court grants a motion to dismiss under Rule 12(B)(6). Rule 12(C) does not provide the same automatic right to amend. Thus, unlike under Rule 12(B)(6), a first-time dismissal with

prejudice under Rule 12(C) is not improper. *Davis ex rel. Davis v. Ford Motor Co.*, 747 N.E.2d 1146, 1149 (Ind. Ct. App. 2001).

In the Monroe County case, defendant Walsh filed a motion to dismiss, which defendants DLZ, the State, the department, and Aztec joined. Defendant I-69 Development filed a separate motion to dismiss. And Aztec filed a motion for judgment on the pleadings. Although no other defendant filed a formal written notice joining Aztec's 12(C) motion, the court below found that all defendants were "considered to have joined in and supported" both the Rule 12(B)(6) and 12(C) motions. No party, including Davidson, objected to the trial court's procedural treatment of these motions, and so we likewise treat all defendants as having joined Aztec's 12(C) motion.

Davidson argues the Rule 12(C) motion should have been considered as a Rule 12(B)(6) motion because it argued that she failed to state a claim for relief. A 12(C) motion that argues the plaintiff's allegations did not state a claim for relief must be treated as a 12(B)(6) motion, but a 12(C) motion that does not object to the legal sufficiency of the complaint's allegations need not be treated as a 12(B)(6) motion. *Gregory & Appel, Inc. v. Duck*, 459 N.E.2d 46, 49 (Ind. Ct. App. 1984). Aztec's 12(C) motion argued that Davidson's claims are barred under the affirmative defense of collateral estoppel, not that Davidson's complaint fails to state a claim for relief. And Aztec's answer specifically asserted the affirmative defense of collateral estoppel. Thus, the trial court did not err in denying Davidson leave to amend her complaint after it granted the defendants' 12(C) motion.

3

Davidson last argues the trial court violated her due-process rights by committing cumulative procedural errors when it declined to treat the Rule 12 motions as Rule 56 motions. These errors, according to Davidson, deprived her of the right to introduce her evidence in opposition to the defendants' judicially noticed materials and led the court erroneously to dismiss her action with prejudice. Davidson's argument fails because the court did not err in declining to treat the Rule 12 motions as motions for summary judgment, for the reasons discussed above in Section II.B.1,

*supra*, at 11–12. Thus, the court did not err in dismissing her action with prejudice.

*   *   *

For these reasons, we affirm the trial court's judgment dismissing the Monroe County action with prejudice and denying Davidson's motions to correct error and to amend her complaint.

Rush, C.J., and Massa and Molter, JJ., concur.
Goff, J., concurs in the judgment with separate opinion.

ATTORNEYS FOR APPELLANT KATHRYN DAVIDSON
Roberto Alejandro Mendoza
Alex Mendoza Law, LLC
Hammond, Indiana

William D. Beyers
Buchanan & Bruggenschmidt, P.C.
Zionsville, Indiana

ATTORNEYS FOR APPELLEES STATE OF INDIANA AND INDIANA DEPARTMENT OF TRANSPORTATION
Theodore E. Rokita
Attorney General of Indiana

Benjamin M. L. Jones
Assistant Section Chief, Civil Appeals
Indianapolis, Indiana

Joshua T. Martin
Lewis and Wilkins LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE I-69 DEVELOPMENT PARTNERS, LLC
Anne K. Ricchiuto
Matthew C. Olsen
Jane Dall Wilson
Faegre Drinker Biddle & Reath LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE DLZ INDIANA, LLC
Richard R. Skiles
Carlo T. Girolamo
Skiles DeTrude
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE AZTEC ENGINEERING GROUP, INC.
William E. Kelley, Jr.
Alexander C. Trueblood
Drewry Simmons Vornehm, LLP
Carmel, Indiana

ATTORNEYS FOR APPELLEE WALSH CONSTRUCTION COMPANY II, LLC
James P. Scheidler
Nicholas G. Brunette
Katherine M. Haire
Reminger Co., LPA
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE DEFENSE TRIAL COUNSEL OF INDIANA
Lucy R. Dollens
Quarles & Brady, LLP
Indianapolis, Indiana

Crystal G. Rowe
Kightlinger & Gray, LLP
New Albany, Indiana

**Goff, J., concurring in the judgment.**

I agree with the Court that Kathryn Davidson is precluded from relitigating the allocation of fault in this case. However, in the course of ruling for the State, I believe the Court is making new law in a vexingly complicated area: the interplay between Indiana's common-law and comparative-fault negligence schemes. Our predecessors recognized the dangers lurking here. I would not lay down a hard and fast rule of procedure in mixed-theory cases involving both private and governmental defendants. Rather, I would encourage all parties to make use of the flexibility provided by the Comparative Fault Act and to consider how the difficulty of litigating cases like this may be eased.

## I. All the fault for Davidson's injuries has already been adjudicated.

As the majority opinion relates, Davidson was seriously injured as a passenger in a motor accident. She first brought suit against the driver's employer, J Trucking. This claim went to trial and resulted in a judgment that held J Trucking at fault for Davidson's injuries and liable for her damages. Because J Trucking was an ordinary private defendant, the action was subject to Indiana's Comparative Fault Act, Indiana Code chapter 34-51-2. Pursuant to statute, the verdict in that first suit adjudicated "the fault of all persons who caused or contributed to cause the alleged injury" and implicitly allocated "one hundred percent" of that fault. Ind. Code § 34-51-2-7(b)(1); *see also Mendenhall v. Skinner and Broadbent Co., Inc.*, 728 N.E.2d 140, 142 (Ind. 2000) (a comparative fault judgment allocates shares of the "total fault contributing to the injury"). The Act requires that any nonparty who might share fault be named if they are to be considered by the factfinder. I.C. § 34-51-2-15. No nonparty was named or allocated fault in Davidson's suit. Therefore, the verdict held J Trucking at sole fault for Davidson's injuries.

This judgment has preclusive consequences in Davidson's present, successive action against new private defendants and the State. The Restatement (Second) of Judgments indicates that relitigation is precluded

when an issue was "actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." Am. Law Inst., Restatement (Second) of Judgments § 27 (1982). Looking to the Restatement for guidance on the law of preclusion, as this Court does, *NIPSCO Indus. Grp. v. N. Indiana Pub. Serv. Co.*, 100 N.E.3d 234, 244 (Ind. 2018), it is notable that Section 27 says nothing about whether the party to be precluded must have been a loser in the previous suit. Granted, this Court has phrased the test as requiring the party to have "lost" on the issue concerned. *Tofany v. NBS Imaging Sys., Inc.*, 616 N.E.2d 1034, 1037 (Ind. 1993). The opinion of the Court reasons that Davidson "really did 'lose'" when she failed to pin any fault on persons not named as defendants in her first suit. *Ante*, at 8. In the comparative-fault context, however, I find it immaterial that Davidson previously won on the issue. A plaintiff cannot reasonably expect to pin the same fault on multiple defendants in series. There cannot be more than one hundred percent of the fault to allocate. Here, the allocation of all the fault for Davidson's injuries was litigated, determined, and essential to the judgment against J Trucking, meaning it cannot be relitigated.

Of course, issue preclusion (previously called "collateral estoppel") will not apply in a subsequent action against new defendants when the party to be precluded "lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify" permitting relitigation. Restatement (Second) of Judgments § 29. But I agree with the Court that Davidson had a fair opportunity to sue all of the defendants involved in this suit at the time of her suit against J Trucking. *Ante*, at 10–11. Her present claims against both the private defendants and the State are therefore precluded.

I am concerned, however, that the Court's explanation of how the Comparative Fault Act applies to the State will cause difficulties.

## II. The Court should not lay down a hard and fast rule for handling mixed-theory cases.

Indiana's Comparative Fault Act went into effect in 1985. *Penn Harris Madison School Corp. v. Howard*, 861 N.E.2d 1190, 1193 (Ind. 2007). Its provisions differed in numerous ways from the common law of negligence that had developed up to that time. For example, the doctrine of contributory negligence, which "barred recovery on a plaintiff's negligence claim if the plaintiff was even slightly at fault," was substantially revised, so that a plaintiff would be barred recovery only if their "own fault was greater than fifty percent." *Id.* Joint and several liability for damages was abolished in favor of liability in proportion to fault. *Indiana Dep't. of Ins. v. Everhart*, 960 N.E.2d 129, 138 (Ind. 2012). However, the common law of negligence was retained for governmental defendants. *Howard*, 861 N.E.2d at 1193. The Act "does not apply in any manner to tort claims against governmental entities or public employees." I.C. § 34-51-2-2. Sharp legal minds foresaw that complications would arise in Indiana's "dual system of liability." Lawrence P. Wilkins, *The Indiana Comparative Fault Act at First (Lingering) Glance*, 17 Ind. L. Rev. 687, 729 (1984). Defendants subject to different legal regimes might be involved in the same case, leading to "uncertainty and confusion." *Id.* at 732.

This problem came to a head in *State Highway Department. v. Snyder*, 594 N.E.2d 783 (Ind. 1992). In that case, the plaintiff sued both a private driver and the State after a motor accident. *Id.* at 784–85. The jury found in the driver's favor, indicating that the plaintiff was more than fifty percent at fault. *Id.* at 785. However, the same jury found against the State, which then appealed on the grounds of verdict inconsistency. *Id.* If the plaintiff was more than fifty percent at fault, the State argued, then he was necessarily contributorily negligent. *Id.* This Court refused to entertain the State's claim, stating that "[b]ecause the legal theories under which the two claims were prosecuted are not consistent, we will not reverse the judgments entered pursuant to these legal theories merely because such verdicts may appear to be inconsistent." *Id.* at 786. Noting the "confusion created by this predicament" of dual negligence rules, the Court refrained from trying to "reconcile inconsistencies which are not necessarily

reconcilable." *Id.* at 786–87. The Court would "not review the consistency of verdicts rendered under the Comparative Fault Act and verdicts rendered under common law principles in cases such as this." *Id.* at 787. Additionally, the Court advised "[p]arties who find themselves faced with prosecuting or defending mixed-theory cases such as this" on how to proceed. *Id.* They could "file separate law suits or request separate trials." *Id. Snyder* predated this Court's adoption of non-mutual issue preclusion in *Sullivan v. American Casualty Co. of Reading, Pa.*, 605 N.E.2d 134 (Ind. 1992). And that explains why the *Snyder* Court considered it obvious that the verdicts rendered in separate suits or trials need not "be consistent." 594 N.E.2d at 787. But nor would the Court so require when two verdicts were rendered in the same trial. *Id.*

I agree with the Court that today's case differs from *Snyder*. *Ante*, at 9. It involves a successive suit, rather than parallel trials. And issue preclusion is now established law. As discussed above, this doctrine generally bars relitigation of any fault that has already been allocated by a judgment. Here, the allocation of all the fault to J Trucking precludes attribution of any fault to the State. I am also persuaded that Davidson did not rely on *Snyder* in choosing not to sue the State in her first suit. Rather, she made this decision believing she lacked sufficient information to initiate a claim.

There was wisdom, however, in the *Snyder* Court's reluctance to try to bring order out of confusion. The dual-system conundrum has not been resolved to this day. The majority attempts a solution, directing that "when a plaintiff brings a mixed-theory case that alleges both government and non-government defendants are at fault for the plaintiff's injuries, the Act applies to require the jury to apportion a percentage of fault and damages to all defendants and nonparties." *Id.* at 9. But this procedure would break down in practice because it conflicts with the comparative-fault scheme itself.

As *Snyder* suggested, the trial court in a mixed-theory case may minimize the jury's perplexity by conducting separate trials, one for common-law defendants, such as the State, and one for comparative-fault private defendants. 594 N.E.2d at 787. *See also* Ind. Trial Rule 42(B). But then, how could the State's fault be determined in the comparative-fault

trial? The State would not be a nonparty whom the defendants might name, for a nonparty must be a person "who has not been joined in the action as a defendant." I.C. § 34-6-2-88. Nor could the State be a defendant in the comparative-fault trial, for the Act does not apply "in any manner" to a tort claim against a governmental defendant. I.C. § 34-51-2-2. And the State would defend itself only in the common-law trial. Professor Wilkins foresaw the two sides of this paradox. *See* Wilkins, *supra*, at 730.

In light of this problem, and the risk of confusing the jury by asking it to apply two bodies of law to the same defendant, I would not lay down a single mode of proceeding in mixed-theory cases. Instead, I would point to Indiana Code subsections 34-51-2-7(b) and 34-51-2-8(b), which allow the parties to vary the usual rules for comparative-fault adjudications and thus devise procedures that make sense in a given case.

Because Davidson is precluded from relitigating the fault for her injuries, I concur in the Court's judgment. However, I would encourage the bench and bar, and my colleagues in the General Assembly, to consider how the confusing predicament of litigating mixed-theory cases may be eased.